Johnson *v.* Talley.

NANCY JOHNSON *v.* E. C. TALLEY.

PRINCIPAL AND AGENT. *Contract.* Talley procured Johnson to make a proposition to Mrs. Johnson if she would dismiss her appeal from a decree against her in favor of Talley, that he would pay her $500 and Johnson would pay her $500. She agreed to take the $500 from Talley but refused to take the $500 from Johnson. She dismissed her appeal and sued Talley for the $500. The court charged "that if Talley appointed Johnson as his agent he would be bound by his acts if the agent followed his instructions, but if Talley did not agree to the modification he would not be bound. If Talley proposed to pay $500, the proposition was an entirety and the acceptance as to the payment by Talley and rejection of payment by Johnson would not

Johnson *v.* Talley.

bind Talley unless he agreed to such modification." *Held* erroneous. Talley agreed to pay $500 and he was bound to pay. The stipulation that Johnson was to pay $500 was not a part of the consideration upon which he promised. His was an independent offer. It made no difference to him whether Mrs. Johnson accepted or rejected the offer of payment by Johnson.

FROM WILSON.

Appeal in error from the Circuit Court of Wilson county. W. H. WILLIAMSON, J.

CANTRELL & SANDERS for Johnson.

TARVER & GOLLADAY for Talley.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff sued the defendant for $500, which she alleges, in her declaration, defendant promised to pay her if she would dismiss her appeal from a decree against her in favor of defendant. She alleges she complied with her part of the agreement. The defendant denies that he made any such agreement, or that he owes her any thing.

Plaintiff obtained a verdict, which was set aside, then followed a mistrial, and finally verdict and judgment were rendered in favor of defendant, and the court refusing a new trial, she has appealed in error to this court.

The evidence for plaintiff is that defendant procured Joseph Johnson to make a proposition to Nancy Johnson to compromise the suit, by Joseph Johnson paying her $500, and said Talley paying her $500, "to which she agreed, with the exception that she would

not take the $500 from Johnson, but would take the $500 from Talley; that Johnson communicated her acceptance, in the modified form, to Talley, and that he made no objection to the modification, and that the suit was dismissed under the compromise agreement."

Defendant proved that Nancy Johnson dismissed the suit freely and voluntarily, and that said Talley did not promise to give her any thing to dismiss it, and that Johnson never told him that Nancy Johnson accepted the alleged proposition, or that she expected any compensation from said Talley for the compromise.

Upon the foregoing evidence the court charged the jury if the promise was made, and the suit dismissed, plaintiff would be entitled to recover; that if Talley appointed Johnson his agent, he would be bound by his acts if the agent follows his instructions, if Talley did not agree to the modification by Nancy Johnson, he would not be bound. If he did agree to it he would be bound. If Talley proposed to pay $500 the proposition was " an entirety," and the acceptance as to the payment by Talley, and rejection as to payment by Johnson, would not bind Talley unless he agreed to such modification.

The court charged correctly, as to the preponderance of evidence, and the credibility of witnesses.

The plaintiff in error insists that the court erred in this charge, because the refusal by plaintiff to hold Johnson liable, did not increase the liability of defendant, and could do him no injury.

It is undoubtedly correct that a proposition to contract, must be accepted as made, or rejected. But the

proposition as made by Talley, as insisted by plaintiff, was that he would pay $500, and in effect that Mrs. Johnson must look to Joseph Johnson for the other $500. All that Talley agreed to pay being $500, and Mrs. Johnson accepting this offer of Talley to pay $500, he was bound to pay it. It was an independent offer, and the stipulation, that Joseph Johnson should pay $500, not in any degree affecting the liability of Talley, or diminishing the amount he agreed to pay, it cannot be said to be a part of the consideration upon which he promised. His offer, in the aspect of the case presented by plaintiff, was to pay $500 in the compromise. And if so and if that was accepted, it could make no difference to him, whether Mrs. Johnson received the other $500 from Joseph Johnson, or released him from its payment.

The charge of the court on this point was, therefore, erroneous, and the judgment must be reversed and the cause remanded for a new trial.